IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KEVIN DONNELL MURPHY, | * |
| Plaintiff, | * |
| v. | * |
| EREK L. BARRON ET AL., | *   Civil No. 24-2666-BAH |
| Defendants. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Kevin Donnell Murphy ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  Here, because Plaintiff's complaint appears frivolous, Plaintiff will be directed to show cause why it should not be dismissed.

Plaintiff brings suit against Erek L. Barron, the United States Attorney for the District of Maryland; Megan L. Micco, an Assistant United States Attorney and Plaintiff's opposing counsel in Civ. No. SAG-24-323; Judge Stephanie A. Gallagher, who is presiding over Civ. No. SAG-24-323; and Ruth Shuman, Program Director at the National Science Foundation and a defendant in Civ. No. SAG-24-323.  ECF 1.  Plaintiff's allegations appear to stem entirely from an order granting the defense's motion for extension of time to respond to the amended complaint in Civ. No. SAG-24-323, which Plaintiff contends violated his constitutional rights and denied him due process.  *See* ECF 1-2, at 1 ("The defendants' conduct has obstructed the plaintiff's access to a fair judicial process."); *id.* ("The defendants' failure to properly notify the plaintiff and seek permission before requesting an extension, coupled with unjustified delays, constitute a violation of the plaintiff's due process rights under the U.S. Constitution."); *id.* at 2 ("The plaintiff alleges that his due process rights were violated due to the defendants' failure to adhere to proper procedural requirements."); *id.* ("The defendants' request for an extension was based on internal delays and vacation schedules, which the plaintiff argues are insufficient justifications for bypassing procedural norms.").

Plaintiff filed a nearly identical suit against Judge Rubin, opposing counsel, and the defendant in an underlying case based on Judge Rubin having granted an extension of time in that case.  *See* ECF 5 in Civ. No. JKB-24-2665 (citing Civ. No. JRR-24-1588).  Judge Bredar summarily dismissed that case as frivolous after Plaintiff failed to show cause why the case should not be so dismissed.  *See* ECFs 4 and 5 in Civ. No. JKB-24-2665.  The same result is warranted here.  In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990).  However, "district

2

courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). The Court will therefore direct Plaintiff to show cause why the complaint should not be dismissed. Plaintiff is forewarned that failure to show cause will result in dismissal of the complaint without further warning.

Accordingly, it is this 6th day of November, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff is DIRECTED to SHOW CAUSE by November 20, 2024, why his complaint should not be dismissed;

2. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge